IN THE CIRCUIT COURT
SAINT LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| SPRINGDALE VILLAGE 1ST ADDITION HOMEOWNERS ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Cause No. 22SL-CC02453 |
| v. | ) ) ) | |
| TEDDYE W. COSTELLO, *et al.* | ) ) | Division No. 9 |
| AND | ) ) | |
| THOMAS COSTELLO | ) ) | |
| AND | ) ) | |
| NATASHA THEIS | ) ) | |
| AND | ) ) | |
| NOVAD MANAGEMENT CONSULTING | ) ) ) | |
| Service Information: | ) ) | |
| CSC-Lawyers Incorporating Service Company - Registered Agent 221 Bolivar St Jefferson City, MO 65101 | ) ) ) ) ) | |
| AND | ) ) | |
| THE UNITED STATES OF AMERICA ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT | ) ) ) ) ) | |
| Service Information: | ) ) | |
| The Associate General Counsel for Litigation Office of Litigation - Room 10258 | ) ) ) | |

1

20754257.v1

| | |
|---|---|
| U.S. Department of Housing and Urban Development<br>451 Seventh Street, S.W.<br>Washington, D.C. 20410-00002 | )<br>)<br>)<br>) |
| ASSISTANT U.S. ATTORNEY<br>For notice purposes only: | )<br>)<br>) |
| Service Information:<br>Thomas Eagleton U.S. Courthouse<br>111 South 10th Street, 20th Floor<br>Saint Louis, MO 63102-1127 | )<br>)<br>)<br>)<br>) |
| Merrick B. Garland | )<br>) |
| Service Information:<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington DC 20530-0009 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## AMENDED PETITION

## FACTS COMMON TO ALL COUNTS

COMES NOW Springdale Village 1st Addition Homeowners' Association ("Association"), by and through counsel, and for its Petition against Defendants Teddye Costello, ("Teddye"), Thomas Costello ("Thomas") and Natasha Theis ("Natasha"), Novad Management Consulting ("Novad") and The United States of America on Behalf of the Secretary of Housing and Urban Development ("HUD") (Novad and HUD collectively known as the "Lender"), and Merrick B. Garland (all of the above collectively known as "Defendants") and hereby states:

1.  The Association at all times mentioned herein was and is a Missouri nonprofit corporation with its principal place of business in St. Louis County, Missouri.

2

20754257.v1

2. Real property commonly known and numbered as 12910 Autumn View Drive, Creve Coeur, MO 63146 ("Property") is subject to the "Restatement of Declaration of Trust, Covenants, Conditions and Restrictions of Springdale Village 1st Addition" as recorded in Book 12602, Page 1956 of the records of St. Louis County, Missouri, as may be amended, and incorporated herein by reference ("Declaration").

3. The Association is the governing entity of Spring Village 1st Addition Subdivision ("Subdivision") pursuant to the Indenture.

4. At all times herein, Teddye was the record owner of the Property until the Association became the equitable owner of the Property on or about February 23, 2022.

5. Teddye entered into a deed of trust with Wells Fargo Home Mortgage, Inc. and said deed of Trust was assigned to the Lender, as evidenced by the instrument recorded in Book 19777, Page 214 of the records of St. Louis County, Missouri ("Deed of Trust").

6. The records of St. Louis County, Missouri do not reflect any transfer or assignment of the Deed of Trust to any other parties.

7. Teddye, with the assistance of Thomas, has violated the terms of the Deed of Trust as having vacated the Property in excess of three (3) years with occupancy provided to Thomas and/or Natasha Theis.

8. During occupancy by Teddye, Thomas and Nataha, the Property was not maintained and was "stripped" of essential components necessary for the safe use, enjoyment, and habitability of the Property including: (a) failure to maintain utility services, (b) removal of copper piping, and (c) removal of flooring.

9. The Association is a third-party beneficiary of the Deed of Trust and its covenants, conditions, and restrictions contained therein.

## COUNT I: TRESPASS

10. The Association re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

11. At the time of filing of the Association's Petition ("Petition"), the Association was the rightful owner of the Property.

12. At the time of filing of the Petition, Thomas and Natasha had refused and failed, to vacate the Property.

13. Since the filing of the Petition, the Property has been vacated.

WHEREFORE, the Association requests this Court enter judgment in favor of the Association and against Defendants Thomas, and Natasha as follows:

   a. Enter a monetary Judgment in an amount in excess of $25,000.00 to be determined at trial for trespass against Thomas and Natasha,

   b. Award the Association it's attorney's fees and costs incurred, and

   c. For such other relief as this Court shall deem proper and just.

## COUNT II: DISPOSITION OF PERSONAL PROPERTY

14. The Association incorporates the allegations of this Petition as if fully set forth herein.

15. The Association, as the equitable owner of the Property, is entitled to possession and an unfettered right of enjoyment of the Property as lawful owner.

16. Defendants Teddye, Thomas, and Natasha interfered with the Association's right to use, protect, administer, and enjoy the Property.

17. Defendants Teddye, Thomas, and Natasha unlawfully possessed the Property and are subject to ejectment pursuant to RSMo. § 524.010 et. seq.

20754257.v1

Electronically Filed - St Louis County - January 11, 2023 - 03:41 PM

18. Defendants Teddye, Thomas, and Natasha have since vacated the property; however, their personal possessions still remain.

WHEREFORE, the Association requests this Court enter judgment in favor of the Association and against Defendants Teddye, Thomas, and Natasha as follows:

    a. Order that any personal possessions of Defendant left at the property after ejectment be deemed abandoned by the Defendant and allow the Association to dispose of said personal possessions,

    b. Order that a monetary Judgment in an amount to be determined at trial be assessed against the Defendant for ejectment, waste damages, and disposal of the Defendant's personal possessions

    c. Award the Association it's attorney's fees and costs incurred, and

    d. For such other relief as this Court shall deem proper and just.

## COUNT III - DECLARATORY JUDGMENT AND QUIET TITLE

19. The Association incorporates the allegations in the preceding paragraphs of this Petition as if fully set forth herein.

20. The Association is the rightful and sole owner of the Property.

21. The Defendants have no interest, legal or equitable, in the Property.

WHEREFORE, the Association requests this Court enter judgment in favor of the Association and against Defendants as follows:

    a. Enter Judgment declaring that the Association is the owner of the Property,

    b. Enter Judgment declaring that the Defendants have no legal or equitable rights to the Property,

20754257.v1

Electronically Filed - St Louis County - January 11, 2023 - 03:41 PM

    c. Enter Judgment awarding the Association its attorney's fees and costs incurred, and

    d. For such other relief as this Court shall deem proper and just.

## COUNT IV: BREACH OF CONTRACT FOR UNPAID ASSESSMENTS

22. The Association re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

23. The Association has levied assessments and other related charges against the Property pursuant to the Declaration.

24. Teddye has failed and refused to pay, and continues to fail and refuse to pay, assessments and other charges due not otherwise recovered by virtue of the Association's acquisition of the Property.

WHEREFORE, the Association prays this Court to enter judgment in favor of the Association and against Teddye as follows:

a) For monetary damages including any other assessments and related charges due after the date of filing of the Petition plus reasonable attorney's fees and costs incurred up to and including the date judgment is entered,

b) For reasonable attorney's fees and costs incurred for collecting or defending such judgment,

c) and for such other relief as this Court shall deem proper and just.

## COUNT V: UNJUST ENRICHMENT

25. The Association re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. The Association has provided, and continues to provide, a benefit to Defendants,

6

20754257.v1

Electronically Filed - St Louis County - January 11, 2023 - 03:41 PM

by operation of the Association, as more particularly described in the Indenture.

27. Defendants know, or should know, that the Association has provided, and continues to provide, services for the benefit of these entities.

28. Defendants, have retained, and continue to retain, the benefit of the Association's services without paying the reasonable value of said services resulting in the Defendants being unjustly enriched.

WHEREFORE, the Association prays this Court to enter judgment in favor of the Association and against the Defendants as follows:

a) An order finding that the Defendants were unjustly enriched,

b) An oder requiring the Defendants to pay actual damages, reasonable attorney's fees, and costs to the Association, and

c) For such other relief as this Court shall deem proper and just.

## COUNT VI: NUISANCE

29. Association realleges and incorporates all preceding paragraphs as if fully set forth herein.

30. The actions of the Defendants, Teddye, Natasha, and Thomas are an unreasonable, unusual, or unnatural use of one's property that substantially impairs the rights of neighbors and the community as a whole from the peaceful use and enjoyment of the Property.

31. The actions of the Defendants, Teddye, Thomas, and Natasha have proximately caused a negative impact on the value of the real property impacted in excess of $25,000.00.

20754257.v1

WHEREFORE, the Association prays this Court to enter a judgment in favor of the Association and against the Defendants, Teddye, Thomas, and Natasha as follows:

a) An order against Teddye, Thomas, and Natasha for nuisance,

b) An order for damages in excess of $25,000.00 plus all attorney's fees and costs incurred, and

c) For such other relief as this Court shall deem proper and just.

### COUNT VII: NEGLIGENCE PER SE

32. Association realleges and incorporated all preceding paragraphs as if fully set forth herein.

33. It is contrary to Missouri statute to engage in trespass and illegal drug activities.

34. The Missouri statutes on trespass and prohibiting drug use are intended to protect the Association and the community as a whole from the actions of the Defendants, Teddye, Thomas, and Natasha.

35. The Missouri statutes on trespass and prohibiting illegal drug activities were intended to regulate and prohibit trespass and negative impacts of illegal drug actvities on property values.

36. The actions of the Defendants, Teddye, Thomas, and Natasha are the proximate cause of the injury to the Association.

WHEREFORE, the Association prays this Court to enter a judgment in favor of the Association and against the Defendants for Negligence Per Se as follows:

a. Order, pursuant to the Indenture, that the Defendants Teddye, Thomas, and Natasha are responsible for attorney's fees and costs incurred, and

b. For such other relief as the Court shall deem proper and just.

## **COUNT VIII: WASTE**

37. Association realleges and incorporated all preceding paragraphs as if fully set forth herein.

38. Defendants, Teddye, Thomas, and Natasha failed to exercise ordinary care in the use of the Association's property.

39. Their actions lead to a material and permanent injury thereto over and above ordinary wear and tear.

40. The Association's property has suffered a decrease in value due to the actions of Defendants, Teddy, Thomas, and Natasha

WHEREFORE, the Association prays this Court to enter a judgment in favor of the Association and against the Defendants, Teddye, Thomas, and Natasha for waste as follows:

   a. An order against Teddye, Thomas, and Natasha for waste,

   b. An order for damages in excess of $25,000.00 plus all attorney's fees and costs incurred, and

   c. For such other relief as the Court shall deem proper and just.

Electronically Filed - St Louis County - January 11, 2023 - 03:41 PM

Respectfully submitted,

Sandberg Phoenix & von Gontard, P.C.

By: */s/ Christopher D. Lee*
Todd J. Billy, 60372
tbilly@sandbergphoenix.com
Christopher D. Lee, 63024
clee@sandbergphoenix.com
Dylan Ashdown, 74552
dashdown@sandbergphoenix.com
600 Washington Ave., 15th Floor
St. Louis, MO 63101
Phone: (314) 231-3332
Fax: (314) 241-7604
***Attorneys for Springdale Village 1st Addition Homeowners' Association***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on this 11th day of January, 2023, as follows:

Teddye Costello
2855 Rufina Street
Santa Fe, NM 87507
***Pro se Defendant***
***Via First Class Mail, Postage Pre-Paid***

Teddye Costello
PO Box 95
Tesuque NM 87574-00095
***Pro se Defendant***
***Via First Class Mail, Postage Pre-Paid***

Thomas Costello
2855 Rufina Street
Santa Fe, NM 87507
***Pro se Defendant***
***Via First Class Mail, Postage Pre-Paid***

Natasha Theis
12910 Autumn View Drive
Creve Coeur, MO 63146
***Pro se Defendant***
***Via First Class Mail, Postage Pre-Paid***

                                             */s/ Christopher D. Lee*

20754257.v1

Electronically Filed - St Louis County - November 09, 2022 - 02:59 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:     TODD J BILLY, Attorney for Plaintiff
SERVICE EMAIL:     todd@thecalawyers.com